UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BV RIGHTS, ANSTALT,<br><br>    Plaintiff,<br><br>    v.<br><br>ABAXIS, INC.,<br><br>    Defendant. | No. C-04-04839 SC<br><br>ORDER RE: PLAINTIFF'S MOTION TO STRIKE PORTIONS OF <u>COUNTERCLAIM</u> |

Plaintiff BV Rights, Anstalt's ("Plaintiff" or "BV Rights") now moves this Court to strike portions of Defendant Abaxis, Inc.'s ("Defendant" or "Abaxis") Counterclaim. Plaintiff brings its Motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. The underlying dispute centers on Plaintiff's allegation that Defendant has infringed upon certain patent rights to a blood sample analyzing device.

Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." <u>Sidney-Vinstein v. A.H. Robbins Co.</u>, 697 F.2d 880, 885 (9th Cir.

1983).  However, "motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  <u>Colaprico v. Sun Microsystems, Inc.</u>, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

The first portion of the counterclaim that Plaintiff moves to strike is paragraph 49, in which Defendant alleges that Plaintiff initiated the underlying litigation to prevent Defendant from lawfully competing with Plaintiff.  Counterclaim at 8.  Plaintiff asserts that this paragraph makes allegations which are "premature" and "barred by the litigation privilege."  Motion at 5.  Perhaps Plaintiff may be able to show at a later stage that California's "litigation privilege," Cal. Civ. Code Section 47, bars this claim, but the Court declines the invitation to strike paragraph 49 at this point in time.  A motion to strike "is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint, or a counterclaim."  5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2004).  Rather, as described above, a motion to strike should be aimed at spurious allegations.  Here, while Plaintiff seeks only to strike a portion of Defendant's Fourth Counterclaim, the Court holds that Plaintiff has not shown that paragraph 49 has "no possible bearing" on the litigation.  Plaintiff, if it so chooses, should move for dismissal or summary judgment of the counterclaim when the record has been developed more deeply.

The second portion of the counterclaim that Plaintiff moves to strike is the references to the "public" which Defendant has made in paragraphs 51 and 52.  Motion at 6.  Specifically,

2

1  Plaintiff moves to strike the words "the general public as well as
2  for" and "and the public" from paragraphs 51 and 52, respectively,
3  of the Counterclaim.  Plaintiff asserts that Defendant has failed
4  to meet the higher pleading standards, approved by the voters last
5  November through Proposition 64, necessary to pursue a
6  representative action under California's Unfair Competition Law.
7  Motion at 6.  The Court agrees.  See Frey v. Trans Union Corp.,
8  127 Cal. App. 4th 986, 994 (Cal. Ct. App. 2005); Thornton v.
9  Career Training Ctr., 128 Cal. App. 4th 116, 123-24 (Cal. Ct. App.
10 April 4, 2005).  Furthermore, in its Opposition to the Motion,
11 Defendant did not challenge Plaintiff's efforts to strike these
12 references.  Therefore, the Court grants the Motion with respect
13 to these portions of the Counterclaim.
14     The third portion of the Counterclaim that Plaintiff moves to
15 strike is Defendant's request for "reasonable attorneys' fees."
16 Motion at 2.  "In the United States, parties are ordinarily
17 required to bear their own attorney's fees—the prevailing party is
18 not entitled to collect from the loser.  Under this 'American
19 Rule,' we follow a general practice of not awarding fees to a
20 prevailing party absent explicit statutory authority." Buckhannon
21 Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S.
22 598, 602 (2001) (internal citations and quotations omitted).
23 Here, Defendant's Counterclaim does not assert any explicit
24 statutory basis for the request. Counterclaim at 9.  In its
25 Opposition to the instant Motion, Defendant asserts that should it
26 prevail in the underlying matter, it would be entitled to
27 attorneys' fees.  Opposition at 6-7.  This may be true.  However,
28

3

whether or not Defendant is entitled to attorneys' fees for a successful defense against Plaintiff's causes of action has no bearing on whether Defendant is entitled to attorneys' fees if it prevails on its counterclaims.  Furthermore, while Defendant's Opposition can be read to imply that section 3426.4 of the California Civil Code may provide a basis for attorneys' fees for Defendant's Unfair Competition counterclaim, it is not the role of this Court to carefully parse Defendant's Opposition to find some justification for the attorneys' fee request.  Id. at 7.  Rather, this Court must look to the Counterclaim itself to determine on what basis Defendant seeks attorneys' fees for its counterclaims.  The Court finds the counterclaim to be lacking such a basis.  It is true that "[u]nder the liberal system of 'notice pleading' ... all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice ...." Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001) (internal citations omitted); Fed. R. Civ. P. 8(a).  Here, however, the Counterclaim is insufficient to give Plaintiff fair notice of the basis on which Defendant seeks attorneys' fees.  Therefore, the Court grants the Motion to Strike with respect to the prayer for attorneys' fees.

For the above reasons, the Court DENIES Plaintiff's Motion to Strike Portions of Defendant's Counterclaim with respect to paragraph 49.  The Court GRANTS the Motion with respect to the phrases "the general public as well as for" and "and the public" in paragraphs 51 and 52 of the Counterclaim.  The Court also GRANTS the Motion with respect to the prayer for attorney's fees.

4

1  Furthermore, should it so choose, the Court grants Defendant 30
2  days from the date of this Order to amend its Counterclaim.
3      IT IS SO ORDERED.
4      Dated: May  10 , 2005

                                    /s/ Samuel Conti
                                    UNITED STATES DISTRICT JUDGE

5